IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 89-01751 ACK-02 |
| Plaintiff, | ) | |
| vs. | ) | |
| VANESSA RENEE FLETCHER, | ) | |
| Defendant. | ) | |

## ORDER DENYING DEFENDANT'S MOTION TO EXPUNGE CONVICTION

### BACKGROUND[1]

In April 1990, Defendant Vanessa Fletcher ("Defendant") was convicted by a jury trial before this Court of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(b)(1)(B)(ii) and 18 U.S.C. § 2. On July 23, 1990, the Court sentenced Defendant to 97 months' imprisonment, to be followed by a 5-year term of supervised release.

Defendant has unsuccessfully challenged her conviction and sentence several times. She has appealed her conviction to the Ninth Circuit Court of Appeals, filed a petition to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255, filed

---

[1] The facts as recited in this Order are for the purpose of disposing of the current motion and are not to be construed as findings of fact that the parties may rely on in future proceedings.

a motion for reduction of sentence, a "Motion to Dismiss Indictment," and an "Application for Enforcement" which asserted that she was entitled to release from custody. See Doc. Nos. 59, 66, 78, 80, 81.

On October 26, 2011, Defendant filed the instant "Motion for Expungement" ("Def.'s Mot."). Doc. No. 148. She requests that this Court expunge her record to enable her employment. Def.'s Mot. 1-2. On November 7, 2011, the government filed an opposition ("Gov.'s Opp'n"). Doc. No. 150. The government asserts that there are no legal grounds available to authorize setting aside Defendant's felony conviction at this time. Gov.'s Opp'n 1. Pursuant to Local Rule 7.2(d), the Court finds that the Motion is suitable for disposition without a hearing.

## **DISCUSSION**

The Ninth Circuit has explained that vacating, or setting aside, a conviction is different than an expungement. When a court vacates a conviction, it nullifies the conviction and its legal consequences. See United States v. Crowell, 374 F.3d 790, 792 (9th Cir. 2004). In general, an expungement results in "erasing" the fact of conviction. See id. Thus, an expungement may result in having the records of conviction destroyed or sealed, but "expungement, without more, 'does not alter the legality of the previous conviction and does not

signify that the defendant was innocent of the crime to which he pleaded guilty.'" Id. (quoting Dickerson v. New Banner Inst., Inc., 460 U.S. 103, 115 (1983)).

The Ninth Circuit has recognized that there are two sources which give a court the authority to expunge records of a criminal conviction: statutes and a court's inherent authority. Id. Defendant does not cite, and the Court is unaware of, any statutory authority for expunging Defendant's record of conviction.[2/] Defendant merely asserts that she would like her conviction expunged for employment purposes. Def.'s Mot. 1-2. The Ninth Circuit rejected a similar request after explaining that the defendant "has not cited, nor has our research disclosed, any statute in which Congress has empowered a district court to reopen a criminal case after its judgment has become final for the purpose of expunging a record of a valid arrest or conviction to enhance a defendant's employment opportunities." United States v. Sumner, 226 F.3d 1005, 1015 (9th Cir. 2000).

Although the federal courts have inherent authority to expunge criminal records in appropriate and extraordinary cases,

---

[2/] An example of a statute providing for expungement is 18 U.S.C. § 3607(c). In this section, Congress has provided that, upon application, a person who was convicted and sentenced to probation under the Controlled Substances Act, 21 U.S.C. § 844, and was less than twenty-one years old at the time of offense, shall have certain records expunged. This provision is inapplicable in this case because, inter alia, Defendant was not convicted under § 844.

this inherent authority is limited to expunging the record of an unlawful arrest or conviction, or correcting a clerical error. See Crowell, 374 F.3d at 793; see also Sumner, 226 F.3d at 1012 (stating that a district court does not have the power to expunge a record of a valid arrest and conviction solely for equitable considerations).  These limited circumstances are not present here.  Consequently, the Court cannot grant Plaintiff's Motion.

## **CONCLUSION**

For the foregoing reasons, the Court DENIES Defendant's Motion to expunge her record of conviction.


IT IS SO ORDERED.

Dated: Honolulu, Hawaii, December 14, 2011.



_____
Alan C. Kay
Sr. United States District Judge


United States v. Fletcher, Cr. No. 89-01751 ACK-02: Order Denying Defendant's Motion to Expunge Conviction.